**UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.:

BARRY B. NORTON,

    Plaintiff,

vs.

WASTE PRO OF FLORIDA, INC., a Florida
Profit Corporation,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BARRY B. NORTON ("Mr. Norton"), by and through the undersigned attorneys, sues Defendant, WASTE PRO OF FLORIDA, INC. ("WASTE PRO"), on behalf of himself and others similarly situated, and alleges the following:

**GENERAL ALLEGATIONS**

1. This is an action to recover the unpaid wages and overtime compensation, liquidated damages, attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* against Defendants.

2. Plaintiff, Mr. Norton, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris*.

3. Defendant, WASTE PRO, is a Profit Corporation, with its principal place of address at 2101 W. Sr. 434, Longwood, FL 32779, FL 33444, and within the jurisdiction of this Court.

4. At all times material hereto, WASTE PRO existed to provide waste and recycling collection.

5. At all times material hereto, Plaintiff was employed by WASTE PRO.

6. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

7. Upon information and belief, WASTE PRO's gross annual revenues were in excess of $500,000.00 per year in the years 2018, 2019, and 2020, and will exceed the same in 2021.

8. At all relevant times, WASTE PRO has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, WASTE PRO (1) had employees engaged in interstate commerce or in the production of goods for interstate commerce, and (2) had employees who handled, sold, or otherwise worked on goods or materials that have been moved in, or produced for, interstate commerce in the years 2018 - 2021. WASTE PRO has employed and/or continues to employ "employee[s]," including Plaintiff, who himself handled equipment and supplies that had travelled in interstate "commerce" for the purpose of conducting business.

9. Therefore, based on the aforementioned, WASTE PRO was at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

10. At all times material hereto, Plaintiff, in performing his job duties, were engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(r), 203(s), 206(a) and 207(a).

11. Mr. Norton was employed by WASTE PRO as a driver from March 2015 through October 2020. As such, for purposes of this lawsuit, Mr. Norton is entitled to a look-back time period of 3 years preceding the filing of this lawsuit.

12. At all times pertinent to the Complaint, Defendant failed to comply with §§ 29 U.S.C. 201- 219 as Plaintiff performed hours of service for WASTE PRO in excess of forty (40)

hours during one or more workweeks, for which WASTE PRO failed to properly pay additional overtime premiums.

13. Upon information and belief, it was the usual practice of WASTE PRO to not pay its employees overtime wages.

14. Plaintiff was not exempt from the right to receive the appropriate overtime pay under the FLSA.

15. Rather, Plaintiff solely performed non-exempt work, that is, Plaintiff's primary duties consisted of driving and other non-supervisory roles.

16. Plaintiff was not free from supervision in connection with matters of significance such as project management or operations. Moreover, Plaintiff did not customarily and regularly supervise two (2) or more full-time employees or the equivalent.

17. The pay practice on the part of Defendant violated the FLSA as Defendant failed to properly pay overtime to Plaintiff for those hours worked in excess of forty (40).

18. Since 2015, Defendant (1) employed Plaintiff; and (2) suffered or permitted to be suffered, with knowledge, hours of service by Plaintiff in excess of forty (40) during one or more workweeks, for which WASTE PRO failed to properly pay additional overtime premiums.

19. Upon information and belief, Defendant's failure to properly pay overtime for those hours worked in excess of forty (40) is not unique to Plaintiff. Rather, Defendant utilized the exact same aforementioned scheme, in violation of the FLSA, for many employees at various locations with similar job titles and qualifications. This practice of WASTE PRO applied to all similarly situated employees at all locations.

20. All of these aforementioned WASTE PRO employees were and have been subject to a payroll policy, practice, and procedure transgressing the requirements of the FLSA.

21. As a result, there exist many other "similarly situated" employees, within the meaning of 29 U.S.C. § 216(b). This putative class includes every employee of WASTE PRO that was not employed in a managerial or supervisory capacity (*e.g.,* all laborers) and employed for any length of time since three (3) years prior to the filing of the instant lawsuit. Like Plaintiff, all members of this putative class were paid their respective standard rates of pay for hours worked over forty (40) each week, rather than time and one-half, as is required under Federal law.

22. The undersigned will move for conditional class certification when appropriate.

## COUNT I
## RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF BARRY B. NORTON AGAINST DEFENDANT

23. BARRY B. NORTON re-alleges and reaffirms paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for Unpaid Overtime on behalf of Mr. Norton against Defendant.

25. During Mr. Norton's employment with WASTE PRO, he worked hours in excess of forty (40) for which he was not properly compensated.

26. Mr. Norton was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

27. Mr. Norton was never paid overtime for the hours he worked for WASTE PRO, from 2015 through the last date of his employment with WASTE PRO.

28. Mr. Norton was entitled to be paid the regular rate and overtime rate for the relevant time periods as referenced above. Defendant has failed and refused to do so.

29. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by WASTE PRO's failure to pay Mr. Norton time and one-half wages for the

hours he worked in excess of forty (40) hours per week when Defendant knew or should have known such was due. Rather, WASTE PRO attempted to intentionally skirt federal law.

30. Defendant failed to properly disclose or apprise Mr. Norton of his rights under the FLSA.

31. Defendant failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Norton.

32. Mr. Norton is entitled to liquidated damages pursuant to the FLSA.

33. Due to the intentional, willful, and unlawful acts of WASTE PRO, Mr. Norton has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

34. Mr. Norton is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

35. Mr. Norton demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, BARRY B. NORTON, respectfully requests that a judgment be entered against Defendant, WASTE PRO OF FLORIDA, INC.:

  a. Declaring that Defendant has violated the overtime provisions of 29 U.S.C. § 207;

  b. Awarding Mr. Norton overtime compensation in the amount to be calculated;

  c. Awarding Mr. Norton liquidated damages in the amount to be calculated;

  d. Awarding Mr. Norton reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  e. Awarding Mr. Norton pre- and post-judgment interest; and

    f.   Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

Respectfully Submitted on this 21st day of September 2021.

    Pike & Lustig, LLP
*/s/ Daniel Lustig*
**Daniel Lustig**
Florida Bar No.: 059225
**Robert C. Johnson**
Florida Bar No.: 116419
1209 N. Olive Ave.
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
Email: pleadings@pikelustig.com
*Counsel for Plaintiff*